# OLIVER S. STORCH
ATTORNEY AT LAW
SUITE 1001
305 BROADWAY
NEW YORK, NEW YORK 10007

MEMBER OF N.Y. & CT. BARS

TELEPHONE: (212) 587-2383
FACSIMILE: (212) 732-7080

July 22, 2014

**BY ECF**
Mr. Brendan F. Quigley
Assistant United States Attorney
United States Attorney's Office
Southern District of New York
1 St. Andrew's Plaza
New York, New York 10007

Re: **United States v. Alexander Morillo**
Indictment No.: **1:14-CR-00483 (LAP)**

Dear AUSA Quigley:

  In lieu of a formal motion which might unnecessarily burden the court and in accord with the Provisions of Federal Rules of Criminal Procedure 16 and 12, we herein make requests on behalf of defendant Alexander Morillo for discovery as enumerated in the numbered paragraphs infra, In each instance, the request is for the government to furnish or permit inspection and xerographic reproduction of the enumerated items. Each request is for material or information which is known (or by the exercise of due diligence would become known) to the attorneys for the government. Each request is continuing and requires supplemental disclosure from the government as when the additional responsive material becomes known (or by the exercise of due diligence would become known) to the attorneys for the government. As used herein, the term "government" shall include all government agencies, both state and federal, unless contrary to the clear meaning of the request. Therefore, it is our understanding that the exercise of due diligence in complying with these requests which include consultation by you with the Federal Bureau of Investigation, the Drug Enforcement Administration and with any other governmental agencies, whether federal, sate, local or foreign, in order to determine whether material requested herein does or does not exist with in the knowledge of attorneys for the government.

  Each request is sought under the applicable rules of criminal procedure and under authority of Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97 (1976), and other relevant cases. Accordingly, any such Brady material the attorneys for the government conclude that disclosure will be delayed, I request to be immediately advised in order that application may be made to the Court to resolve the issue.

1

Please respond in writing to this letter, stating for each enumerated request, that such discovery is being or has already been fully provided or that, there exists responsive materials but discovery is declined. For each such decision to decline, please state the reason(s) and; state whether discovery at a specific later date will be unopposed by the government. For each such request with which the government intends to voluntarily comply, please state the date by which compliance will be complete.

## I. REQUESTS THAT THE GOVERNMENT GIVE NOTICE OF ITS INTENTION TO USE CERTAIN EVIDENCE

The defendant respectfully requests that the government, pursuant to the authority of Rule 12 (d)(1) and (2) of the Federal Rules of Criminal Procedure, give notice of its intention to offer specific categories of evidence at trial, which may be subject to a motion to exclude by one or all of the defendants. In the main, the defendant requests that the government disclose any evidence of alleged criminal activity (or other acts of moral turpitude), allegedly committed by or otherwise attributable to the named defendants (or individuals acting in concert therewith) which are not specifically charged as discrete offenses in Paragraph 6 through 32 of the superseding indictment. As Judge Flavin explained in United States v. Gullon, 672 F.Supp. 99, 105 (W.D.N.Y. 1987), "one of the purposes of Rule 12(d) is to obviate the need for defendants to make motions against evidence which will not be introduced at trial." "Other crimes" proof has specifically been deemed to fall within the purview of Rule (d) (2) [1]. Thus, in addition to the other traditional grounds advance for the disclosure of this type of evidence, the defendants rely upon the authority of Rule 12(d) as a supplemental basis to seek pretrial disclosure of such proof.

### A. Notice of Evidence which the Government Will Seek to Offer Pursuant to Rule 404 (b) of the Federal Rules of Evidence

As the government is undoubtedly aware, Rule 404 (b) requires the government to "provide [the defense with] reasonable notice in advance of trial… of the general nature of any such evidence it intends to offer at trial." See Fed. R. Evid. 404 (b). Although Rule 404 (b) is silent as to precisely when, prior to the trial, notice of such proof must be given, the notes of the Committee on Judiciary explain that the rule envisions that "counsel for both the defense and the prosecution will submit the necessary request and information in a reasonable and timely fashion." The Committee Notes also indicate that the disclosure of such "other crimes" proof is not limited to evidence which the government intends to offer in its case-in-chief; "the amendment requires the prosecution to provide notice, regardless of how it intends to use the

---

[1] See, United States v. Padilla, 744 F. Supp. 1425, 1427 (N.D. Ill, 1990) ("under the Federal Rules of Criminal Procedure, defendants are only entitled to pretrial disclosure of evidence of other crimes that the government intends to its case-in-chief, See Fed. R. Crim. P. 12(d) (2)."). accord United States v. Cole, 707 F. Supp. 999, 1004 9 (N.D.I.1.1. 1989).

2

extrinsic act evidence at trial, i.e., during its case-in-chief, for impeachment, or for possible rebuttal." Accordingly, the defendants respectfully request that the government provide notice, at this time, of any evidence, which would be subject to the provisions of Rule 404 (b). Such notice shall include, but not be limited to, date (s), place (s), other participant (s) and the nature of said acts as required by Rule 404 (b). If the government is currently unaware of any such evidence but subsequently becomes aware of such evidence, please provide the requested notice as soon as the Government obtains it.

### B. Request for Notice Pursuant to Rule 609 of the Federal Rules of Evidence.

Pursuant to the provisions of Rule 609 (b) the defendant respectfully requests that the government provide written notice of its intent to use any evidence which it will argue is admissible under the provisions of Rule 609 (a)(1) and/or (2). Like the "notice" provisions of Rule 404 (b), Rule 609 is designed to provide a defendant with advance notice to the government's intention to offer certain evidence so that a fair opportunity to contest the use of such evidence is provided. Accordingly, the defendant respectfully requests that the government disclose, at this time, any evidence which would be subject to the provisions of this Rule.

### C. Request for Disclosure of Facts or Data Underlying Expert Opinion (s).

If the government intends to offer testimony of any witness as an "expert", then the defendant requests pretrial disclosure of the underlying facts or data relied upon by such expert in forming the opinions and conclusions to which he or she will testify.

As you are undoubtedly aware, Rule 16 (a)(1)(E) of the Federal Rules of Criminal Procedure, requires that the Government provide the defendant with a written "Summary" of any testimony the government intends to proffer pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This summer must describe the witness' opinion, the basis of the reasons therefore and the witness' qualifications.

Accordingly, the defendants respectfully request that the government provide, at the disclosure mandated by Rule 16 (E).

### D. Request Pursuant to Rule 803 (24) [transferred to Rule 807] of the Federal Rules of Evidence

The defendant respectfully requests that the government provide him with notice, at this time, of any evidence which they will seek to offer pursuant to Rule 803 (24) of the Federal Rules of Evidence. This Rule, provides, <u>inter alia</u>, that a hearsay statement offered under this exception may not be admitted"... unless the proponent of it makes known to the adverse party sufficiently in advance of trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponents intention to offer the statement and the particulars of it, including the name and address of the declarant." Accordingly, in the event that the government

3

intends to offer any evidence pursuant to this Rule, it is requested to make pretrial disclosure, at this time of all relevant information.

### E. Request Pursuant to Rule 804 (b)(5) [transferred to Rule 807] of the Federal Rules of Evidence

Much like the provisions of the Rule 804 (b) (5) creates certain exceptions to the prohibition against the admission of testimony which is hearsay. However this Rule too, provides that no statement may be admitted under this exception unless the proponent makes known to the adverse party, sufficiently in advance of the trial to provide a fair opportunity to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant. Accordingly, if the government intends to offer any evidence pursuant to this exception to the hearsay rule, notice of the relevant information is requested at this time.

## II. REQUEST FOR DISCOVERY AND INSPECTION

Discovery and inspection of the items described below is both reasonable and necessary to the preparation of the defense. Our requests for discovery and inspection relates to items in the possession, custody, or control of the prosecutors in this case as well as all federal, state and city agencies or governmental entities.

With respect to those items which we request, if the prosecutors in this case do not have them in their possession, we ask for a statement to the effect that such items do not exist. If the prosecutors in this case are aware that a requested item exists but do not have it in their possession, then we request that the prosecutors disclose the whereabouts of such item.

As used herein, the term "document" means any tangible thing containing, reflecting or capable of reproducing or have reproduced from it, visually or orally, language, numerals or pictures and relating or referring in any manner to the allegations of the Superseding Indictment and the matters referred to therein. It is requested that the prosecutors in this case disclose the following:

### A. Rule 16 and Other Pretrial Materials

1.  Discovery as provided in F. R. Cr. P. 16 (1)(1)(A):

(a) defendant's own written statements, if any; the substance of defendant's oral statements which the government intends to introduce at trial and which were made to a then known government agent; and any statements made by defendant to any third party, governmental agent or not, whether recorded or not, including but not limited to statements made by the defendant to any person acting as an informant for any federal or state governmental agency whether contained in an informant file and whether related to the payments, agreements, transactions or occurrences serving as the basis for the indictment. Further, statements, questions

4

or requests made by governmental agents or informants which were or may be interpreted to have been designed to elicit statements or responses from defendants;

(b) any statement and/or testimony of defendant not encompassed by 1 (a) supra, to whomever given, whether written or oral, whether in response to interrogation, whether substantially verbatim transcription or summarization, whether preserved by means of recordation and whether made before or after indictment in the matter;

(c) any statements by any person which directly or indirectly refer to defendant or complicate him in any offense in the above-captioned indictment and which, had they been made by the defendant, would encompassed by 1 (a) or (b) supra;

(d) a list specifically identifying by date, time, place and name of declarant each declaration (statement, testimony and/or other utterance) encompassed by 1(a) – (c) supra, upon which governmental intends to rely at trial in its efforts to establish the offenses alleged in the above captioned indictment.

(e) a list specifically identifying by the name and address each person said to have been present for, or to have personal knowledge of, each declaration identified in 1 (a)- (d) supra.

2. Discovery as provided in F. R. Cr. P. 16 (a)(1)(B):

(a) defendant's prior criminal record, whether state or federal, if any;

(b) the prior criminal records, whether state, local, or federal, of any person acting as an informant for any federal or state governmental agency relating to transactions and occurrences serving as a basis for the indictment, including portions of criminal records subject to expungement, sealing or similar procedure;

(c) the prior criminal records of any prospective witness for the prosecution, whether state, or federal, if any, including portions of such criminal records which have been subject to expungement, sealing or similar procedure;

(d) any information not encompassed by 2(a) – (c) supra which evinces criminal conduct on the part of any person or entity designated in 2 (a)- (c) supra, including information which leads you to believe that any prospective witnesses for the government may be involved, or may have been at any time involved, in distributing or possessing a controlled substance or in the alternative, knowingly or intentionally conspiring to violate Title 21 U.S.C. Sec. 841 (a) (1), or committing any criminal activity of any nature. (The test for this type of information is not whether the prospective witness is presently charged with this type of conduct; it is more subjective.  If the government has had to, or intends to, as any witness to refrain from any questionable activity, this type of information falls within the requests);

(e) a list specifically identifying, any prospective witness for the prosecution or person or entity named in paragraph 2 (c);

(f) the names and last know addresses of any persons believed to have been engaged in any criminal conduct in concert with or in aid of criminal conduct of any person or entity named in paragraph 2 (c), or any prospective witness for the government.

3. Discovery as provided in F. R. Cr. P. 16 (a) (1) (C);

(a) The defendant requests permission to inspect and copy or photograph any and all books, papers, documents, photographs, tangible objects, buildings or places or copies or portions thereof, which are within the possession, custody or control of the prosecutors in this case and which are material to the preparation of the defendant's defense or which are intended for use by the prosecutors in this case as evidence-in-chief at the trial or were obtained from or belong to the defendant. The defendant further requests production of any books, papers, documents, photographs, tangible objects, buildings or places, or copies thereof, which are within the possession, custody or control of the prosecution that (i) are referred to directly or indirectly in the Indictment; (ii) relate to any statement of fact in the Indictment; and (iii) will be alleged to constitute the fruits or means of perpetuating any offense set forth in the Indictment.

(b) discovery under 3 (a) *supra* of the following:

(i) documents or other tangible objects obtained by subpoena directed to, seizures from, requests (whether formal or informal) of, or voluntary submission from any prospective witness for the prosecution.

(ii) a list specifically identifying by name and address each prospective witness for the prosecution, whether in its case-in-chief or otherwise.

(iii) any declaration (statement, testimony or other utterance) by whomever made, whether written or oral, whether formal or informal which may in any way conceivable be contrary to the expected testimony of a prospective witness for the prosecution, or which may otherwise relate to the credibility, competence, bias or reliability of such witness.

(iv) any information evincing a mental disability, emotional disturbance, or drug or alcohol addiction of (A) any prospective witness for the prosecution, (B) any defendant named in the above-captioned indictment, or (C) any person who participated in the investigation of events related to the indictment who will not be a witness for the prosecution, during any time material to events alleged in the indictment and/or the government's investigation or prosecution of this case.

(v) the terms and effect of any agreements, formal or informal, written or oral, between the prosecution or any other governmental agency and any defendant named in the above-captioned indictment or any prospective witness for the prosecution or any person or entity named in paragraph 2 (c), above, whether such

agreement was made in connection with the instant case or any other case or investigation.

(vi) the nature, character, and extent of the activities of any prospective witness for the prosecution, which were carried out in the witness's capacity as an informant or governmental agent in connection with investigations and cases not related to the above-captioned indictment.

(vii) to the extent not encompassed by 3 (b) (v) supra, any action, effort or statement by any governmental agency intended to aid, assist or in any way benefit (A) any prospective witness for the prospective witness by blood or marriage, regardless of whether or not such action, effort or statement has been revealed to any person listed in this paragraph or (C) any person aiding or abetting the government's investigation leading to the issuance of the indictment.

(viii) to the extent not encompassed by 3 (b) (v) supra, any declaration (statement, utterance, offer) by whomever made, to whomever made in any way suggesting that nay person or entity might be accorded favorable consideration or protective custody or money, services or consideration in kind in the event such person or entity in any way assisted the prosecution of this indictment or the investigation leading to his indictment.

(ix) to the extent not encompassed by any other paragraphs or subparagraphs ion this letter, any statement, promise or agreement whether written or unwritten, tacit or not tacit, which indicated any intention by investigators, witnesses, agents or informants for the government to obtain favorable treatment for others by any parole board or corrections official, whether federal state or local.

(x) a list specifically identifying by name and address each person or entity approached by the prosecution or other governmental agency or agent and asked whether the information implicating defendant in any criminal conduct could or could not be provided.

(c) a list of all documents or other tangible things encompassed by all of the above requests which have been destroyed by whatever hand or event, for whatever reason, including but not limited to the handwritten notes for interviews;

(d) to the extent not encompassed by 3 (a) –(c) supra, any material or information in anyway tending to evince defendant's innocent of the offense alleged in the indictment.

4. Discovery as provided in F. R. Cr. P. 16 (a) (1) (D):

(a) The defendant further requests that the prosecutors in this case permit defense counsel to inspect and copy or photograph any results or reports of physical or mental examinations and/or any specific tests or experiments, or copies thereof, which are within the possession, custody or control of the prosecutors in this case, the existence of which known, or by the

exercise of due diligence may become known, to the prosecutors in this case and which are material to the preparation of the defense or are intended for use by the prosecutors in this case as evidence-in-chief at the trial. Your attention is respectfully drawn to the fact that this provision is not triggered only with regard to such reports, etc., which the prosecutors in this case intend to offer during its case-in-chief but applies to all such information whether the prosecution intends to offer it as evidence or not.

5. Discovery as provided in F. R. Cr. P. 16 (a) (1) (E):

(a) (i) a list specifically identifying by name, address and qualification each prospective expert witness for the prosecution (ii) the report (s) tendered by such prospective witness, or if no report has been tendered, a description of the subject matter considered and opinion held by each; (iii) a summary of an testimony the government intends to proffer pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This summary must describe the witness' opinion, the basis of the reasons therefore and the witness' qualifications.

6.  (a) statement of any prospective witness for the prosecution which are encompassed with the scope 18 U.S.C. Sec. 3500.

(b) irrespective of the subject matter to which prospective witness is expected to testify, statements within the scope of 18 U.S.C. Sec. 3500 (e) made by a prospective witness for the prosecution and in any way relating to the subject matters or persons involved in this indictment;

(c) statements within the scope of 6 (a)-(b) supra, but made in connection with an investigation or proceeding other than in this case.

7. To the extent not encompassed by item 1-6 supra, statements of defendant or any indicted person who the government contends a party to the conspiracy alleged in the above-captioned indictment, in whatever form made to any person, government agent or not, which the prosecution contends or may be expected to contend were made in furtherance of the alleged conspiracy.

8. Any statements (in whatever form) which the defendant has made any government agents, informants or prospective government witnesses since the date of the indictment, and any statements made to any third person by the defendant which have been transmitted by wire communications and which have recorded and intercepted, since the date of the indictments.

9. Pursuant to Rule 806 of the Fed. R. Evid. regarding any co-conspirator hearsay to be offered at trial, please supply all impeaching material relating to the declarant, including but not limited to, prior convictions, prior inconsistent statements, prior bad acts and motive to fabricate or bias.

10. Please state whether there was an identification procedure used before or after the indictment, and if so, please state the date, time and location and nature of the procedure.

### B. Brady/Giglio/ Bagley Material

11. The government is requested to disclose the names and addresses of any person whom the prosecution knows or through exercise of due diligence may come to know, to have relevant information regarding any of the areas described below. In addition, all relevant documents which relate in any manner to the Brady, Giglio and Bagley material requested below, are requested from the government at this time:

   a. Copies of all documents, statements, and any other evidence including, but not limited to, oral evidence and statements, now known to the prosecutors on this case or which may become known or which through due diligence may be learned from the investigation agents or witnesses in this case or persons interviewed in connection with this investigation, which is exculpatory in nature or favorable to any one or all of the defendants, or which tends to negate or mitigate the guilty of any defendant, as to the offenses charged, or any uncharged criminal conduct which all be proffered by the government, or which would tend to reduce any punishment therefore.

   b. Include the names, addresses, and telephone numbers of all persons who know or may know of any such favorable or exculpatory evidence. With respect to each person the prosecution intends to call at trial, or any member of the immediate family (including what is loosely referred to as "common law" family), boyfriend, girlfriend, or lover of any such person, attach copies of all indictments, complaints, or information brought against such person by the federal, or any state or local government, all disciplinary actions brought by the federal, or any state or local government, and state what counts or actions have been the subject of guilty pleas, convictions, dismissals, or understanding to dismiss at a future date; the date or dates on which pleas of guilty pleas, convictions, dismissals, or understanding to dismiss at a future date; the date or dates on which pleas of guilty, if any, took place; and the names of judges or hearing officers before whom such plea were taken. If the prosecution does not have copies of all indictments, complaints, information, or disciplinary actions, state the dates and place of arrests, hearing indictments, information, etc., the charges brought and the disposition of those charges so far as it is known.

   c. With respect to each person the prosecution intends to call a trial, or any member of the immediate family (including what is loosely referred to as "common law" family), boyfriend, girlfriend, or lover of any such person, set forth a written summary of all charges which could be brought by the federal, or any state or local government, which have not or may not or which the witness is cooperating with or has cooperated with the federal, state or city governments, or for any other similar or related reasons.

   d. Include copies of all memoranda of understanding between the prosecutors in this case and their witnesses, whether by way of a letter to the attorney for a witness or otherwise.

9

e.  Enumerate all inducements, promises, payments and witness fees by amount and date made to, and all agreements made with, all persons the prosecution intends to call a witness or otherwise.

f.  Include all information which may bear on the credibility of any witness and all information bearing on his/her relationship to any federal, state, or city agency or agent, and any services or other services or acts performed by him/her with the knowledge, request or acquiescence of the state, city or federal government. This request expressly includes any benefits extended to witnesses regarding their conditions of confinement, access to contact visits, and telephone privileges. By extension, this request also embraces any inducements or promises or benefits conferred on ay other person at the behest of any individual whom the prosecution intends to call a witness at the trial, such as spouse or other family members of the potential witness.

g.  Include all documents and other evidence regarding drug or alcohol usage and/or dependency by any individual the prosecution intends to use as a witness at trial including but not limited to records relating to treatment of such individuals in any federal, state, city or military drug or detoxification program.

h.  All documents and other evidence regarding any physical or mental disease, disability, or disorder affecting any individual the prosecution intends to use as a witness at trial, including but not limited to record of hospitalization of other treatments for such physical or mental disease, disability, or disorder.

i.  Provide all the information which may demonstrate an inconsistency or arguable inconsistency by a witness with another statement made by another person or that person; and all information which may demonstrate a lack of knowledge or denial of knowledge by a witness about the facts of this case or the guilt or innocence of any one or all of the defendants.

j.  The Brady/Giglio/Bagley material detailed above includes all
Information and documents relevant to social services, welfare, and other services provided free or at a reduced cost by the City, State or Federal Government to any prosecution witness.

k.  Copies of any and all records of law enforcement or other governmental agency reflecting any commendations, awards, or recognition of any kind made by, any governmental agent or law enforcement officer for any work, action or conduct undertaken in connection with the investigation and prosecution of this case of any other related case (s).

12.  The law is well settled that it is not for the prosecutor to unilaterally decide what material falls within the purview of Brady and its progeny. Accordingly, we ask that any information which arguably falls within the aforementioned categories be

disclosed to defense counsel or at least submitted to the Honorable Loretta A. Preska, Chief United States District Court Judge, for a judicial determination.

13. The defendant requests the opportunity to inspect and copy any and all documents, Memoranda, agreements, contracts, etc., which relate to plea agreements, promises of leniency, or agreements of immunity, either de facto or statutory immunity, which concern any person or business entity which are, in any way, connected to this case and which are within the possession, custody or control of the prosecutors in this case, the existence of which is known, or through the exercise of due diligence, may become known to the prosecutors in this case.

14. The defendant requests the opportunity to inspect and copy any and all documents, memoranda, agreements, contracts, etc., which reflect the receipt of money or of other things of value by the complainant (s) and any other prosecution witness. Such documents are sought whether or not such payments, etc., were made as a result of the assistance or information specifically provided in the case of another.

15. The defendant requests that the prosecutors in this case disclose the substance or any oral promises, inducements, agreements, etc., whether contingent or not, which may have been made by any state, local or federal law enforcement representative, a attorney or other person acting as agent of or behalf of any state, local or federal government, to any entity who is either to be a witness in this case are specifically requested to inquire of those law enforcement representative connected to this case, whether any such oral (or written) promises, inducements, agreements, etc., have been made to any person in connection with this case.

16. The Defendant requests the opportunity to inspect and copy any and all agreements, contracts, memoranda, or other documents which reflect agreements between any officer of agency of any state, local or federal government to provide any assistance, housing or relocation to any prosecution witness or member of such individual's family. These documents are sought whether or not such agreements were made as a result of assistance or information specifically provided in this case or another.

### C.   Search, Seizure and Related Material

17. The defendant requests the opportunity to inspect and copy any and all records, schedules, checks, bank documents, bills or other documents which relate to this case including those which reflect telephone calls or toll calls records or telephone charges over any instrument in which the defendant, agents, employers, employees, or co-conspirators maintained a possessory interest or over such instrument the prosecutors in this case knew, or believed, the defendant, agents, employers, employees or co-conspirators utilized and which are within the possession, custody or control of the prosecutors in this case, the existence of which is known or through the exercise of due diligence may become known to the prosecutors in this case.

18. The prosecutors in this case are requested to disclose any and all applications (and attendant documents and/or exhibits), affidavits, testimony, inventories and/or orders seeking, granting or denying judicial permission to conduct a physical search of any person or premises which relate to this case and which are within the possession, custody or of due diligence may become known to the prosecutors in this case.

19. The prosecutors in this case are requested to disclose any and all applications (and attendant documents and/or exhibits), affidavits, testimony, inventories and/or person or premises which relate to this case and which are within the possession, custody or control of the prosecutors in this case, the existence of which is known or through the exercise of due diligence may become known to the prosecutors in this case. If any "consent" search was conducted, provide all the details of date, time, place and results.

20. The government is requested to disclose any and all documents, objects or other tangible things which were obtained by virtue of any physical search and/or seizure of any person or place, with or without prior judicial authorization, and which are germane to this case and are within the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government.

21. The government is requested to disclose whether any pre-trial identification procedure was used in this case, including but not limited to photographic displays, lineups, show ups, etc. If so, state the nature of the circumstances of such identification procedure as well as the time, date and place of the identification. State whether any witnesses are unable to identify any of the defendants, made a mistaken identification, or were uncertain in making an identification.

22. The government is requested to disclose any and all information, documents, reports, orders, affidavits, etc., which related in any way to any "mail cover" operations or the examination of the mail of the individuals involved in this case, and particularly the defendant.

23. The government is requested to disclose any and all information documents, reports, orders, affidavits, etc., which related in any way to any "pen register" operations or to the affixing of any instruments to record the telephone number of any incoming or outgoing telephone calls which were utilized in the investigation of this case and which are within the possession, custody and control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government.

24. The prosecutors in this case are requested to disclose any and all photographs (still photography), video recordings or motion pictures which were made in conjunction with this case, or which relate in any manner to this case, which are within the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government.

25. The prosecutors in this case are requested to disclose any and all applications, affidavits, order or other documents which relate to any telescopically enhanced surveillance

which was conducted in conjunction with the investigation underlying this case or which relate in any matter to this case, which is in the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government. If telescopically enhanced surveillance was accomplished without court order, please indicate this, including relevant dates, times places, etc.

26. The prosecutors in this case are requested to disclose any and all forms, affidavits, or other documents which purport to grant consent to search any individuals, persons or premises which relate, in any matter, to this case and which is in the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government.

27. The prosecutors in this case are requested to disclose any and all court authorized or non-court authorized observations by law enforcement officers of the defendant that were made from : (a) airplanes, helicopters or other airborne devices; or (b) property owned, leased or in which the defendant had a possessory; leasehold or ownership interest.

### D.     **Wiretapping, Eavesdropping, and Consensual Recordings And Related Materials**

28. Discovery is sought as to all documents, photographs, recordings, applications, affidavits, supplemental affidavits, exhibits, transcripts, testimony, memoranda, warrants, orders, etc., which relate to this case and which pertain to the use of mechanical, electronic or photographic, court-ordered or consensual interception devices which were made, written or issued by any representative of federal, state or city governments and which are within the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to the counsel for the government.

29. Discovery is also sought as to any and all statements of the defendants, agents, co-conspirators, or other individuals, whether oral, recorded, or written, which were seized by court-ordered or consensual electronic or mechanical means and which are within the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government.

30. Discovery is sought as to any and all mechanical or electronic court-ordered or consensual recordings and/or tapes that contain the defendant's, agent's or alleged co-conspirators conversations or in which emanated from any premises or over any instrument in which the defendant possessed a proprietary interest or which were made in connection with a intercepted or was a person who was in fact intercepted.

31. Discovery is sought as to any memoranda, logs, line sheets, reports, notes, summaries, transcripts, periodic reports to the court or other written communications whatsoever which were made by any public servant, or their duly authorized representatives, which are germane to this case and relate to any way to eavesdropping conducted by agents of federal, state or city governments.

13

32.     Discovery is sought as to schedule of each type of mechanical or electronic eavesdropping device or other device capable of intercepting oral communications over radio, telephone or radio-telephone equipment and which were used in conjunction with, or related to, this case.

33.     The defendant's request above for disclosure of documents relating to state and federal eavesdropping or wiretapping activity specifically seeks the disclosure of, but is not limited to, the following documents or information:

   a.   any and all requests, applications and/or orders seeking or requiring the sealing of tapes or other recordings.

   b.   any and all requests, applications (whether granted or not) and/or orders seeking or granting any initial interception order or renewal of extension of a previously existing order

   c.   copies of any and all progress reports, or orders to make such reports;

   d.   any and all requests, applications and/or orders amending a wiretap order and warrant to include the seizure of conversations dealing with offenses other than those specified in the original order of authorization;

   e.   a schedule of any and all logs other documents maintained during or in conjunction with the interception of a wire or oral communications by law enforcement personnel;

   f.   any and all documents with relate to the use of "pen register", "trap" or "trace" devices by law enforcement personnel in conjunction with his case;

   g.   copies of any and all inventories prepared in conjunction with wiretapping or eaves dropping activity which relate to this case;

   h.   copies of any and all transcripts prepared from tapes made in conjunction with or subsequent to wiretapping or eavesdropping activity which relate to the present case;

   i.   copies of any and all reports required pursuant to 18 U.S.C.§ 2519 or state counterparts;

   j.   copies of any and all orders served in conjunction with the requirement to provide notice of overhear and any and all documents relevant to extensions or renewals thereof;

   k.   any and all orders permitting the interception of radio communications and all tapes or recordings produced in accordance therewith;

l.  any and all transcripts, tapes or recordings (made pursuant to consent of the party (s) or by court order) in the possession, custody or control of the government, the existence of which of which is known or through the exercise of due diligence may become known to counsel for the government, which were made by a person who had given prior consent to such interception whether or not such person was a law enforcement officer or government employee;

m.  any and all documents which reflect the consent of a person to have his or her wire or oral communication intercepted which are in the possession, custody or control of the government, the existence of which is kwnon or through the exercise of due diligence may become known to the government;

n.  any and all applications, requests or correspondence seeking the permission of the Attorney General of the United States or any other federal or state law enforcement officer, to consensually record wire or oral communications which are in the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may come know to counsel for the government.

o.  any and all subscriber or customer records of the defendants obtained pursuant to Section 2703 of the Electronic Communications Privacy Act o f 1986, and any documents which authorized the government to obtain such information,

## Miscellaneous Materials

34.  To the extent not encompassed by paragraphs 29-34 <u>supra</u> any material or information within the scope of F. R. Cr. P. 12 (d) (2) together with the notice of intention to use such material or information contemplated by said Rule.

35.  The defendant requests a copy of the prior criminal record, if any, of any alleged co-conspirators, if the prosecution intends to offer such records at trial.

36.  State whether any witness or prospective witness was hypnotized. If so, describe the circumstances surrounding the hypnosis and provide copies of the video and/or tape recordings used to memorialize the hypnotic procedure.

37.  The defendant requests timely production of all statements required to be produced under 18 U.S.C. § 3500, including but not limited to handwritten and other informal notes of interviews. Moreover, given the apparently joint nature of the investigation leading to this indictment, the government is obliged to produce all responsive materials prepared by or in the possession of the participating agencies. See <u>United States v. Paternina-Vergara</u>, 749 F.2d. 993, 997 (2d Cir. 1984). Additionally, the defendant requests that drafts or notes or such statements be preserved. If any such statements, drafts or notes have been or are intended to be discarded or

destroyed, please identify such statements and notes in sufficient detail to permit a request to the Court for appropriate relief in advance of trial.

38.	Provide counsel with a list of the names, aliases, and addresses of each and every indicted co-conspirator known to the prosecutors in this case. [2]

      I request that you respond in writing in this letter as soon as possible and that your response take the following form. As to each paragraph of this letter, state what types of disclosure are being provided and which are declined (as well as the reasons therefore). Furthermore, please state whether the prosecution has material responsive to each request which it declines to disclose.

      If you would like to discuss any of the particulars requested, or the basis upon which any requests are predicated, please do not hesitate to contact my office. Your prompt attention to this matter is greatly appreciated.

Respectfully submitted,

*[signature]*

Oliver S. Storch, Esq.<br>
305 Broadway<br>
Suite 1001<br>
New York, New York 10007<br>
Tel. (212) 587-2383<br>
Fax. (212) 732-7080<br>
Oliver.storch@verizon.net

cc: The Honorable Loretta A. Preska

---

[2] As to all items requested above, we are assuming that the prosecutors in this case will adhere to their continuing duty to disclose information.